O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW S. AMMONS, | ) | Case No. EDCV 05-1100-MLG |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff Matthew S. Ammons ("Plaintiff") seeks judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits and Supplemental Security Income benefits. For the reasons stated below, the Commissioner's decision is affirmed and this action is dismissed with prejudice.

**I.   Factual and Procedural Background**

Plaintiff is twenty-four years old with a ninth grade education and no vocationally relevant work experience. (Administrative Record ("AR") 18, 63.) He applied for Disability Insurance Benefits and Supplemental

Security Income benefits on February 10, 2004, alleging disability as of November 1, 2003 due to attention deficit hyperactivity disorder. (AR 16-17, 63.) Plaintiff's application was denied initially and upon reconsideration. (AR 28, 33.) A hearing was held before ALJ Joel B. Martinez on September 17, 2004. (AR 16, 39.)

On July 22, 2005, the ALJ issued a decision finding that Plaintiff suffers from a "severe impairment," but that he is not disabled as defined under the Social Security Act, and therefore not entitled to disability benefits. (AR 24-25.) Plaintiff filed a request for review with the Appeals Council, which was denied on October 21, 2005. (AR 5, 8.) Plaintiff now seeks review of the Commissioner's final decision in this Court, raising one claim of error: that the ALJ failed to adequately develop the record before finding that Plaintiff was not disabled. (Joint Stipulation ("Jt. Stip.") 2.)

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole,

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III. <u>Discussion</u>**

The ALJ found that Plaintiff was not working and that "the claimant has medically determinable impairments consisting of attention deficit hyperactivity disorder, mild mental retardation with impaired immediate memory function, and a speech disorder," which, in combination, are severe. (AR 18, 24.) The ALJ further found that Plaintiff's impairments did not, however, meet or equal the criteria of any of the specific impairments listed in the regulations, 20 C.F.R. Part 404, Subpt. P, App. 1 ("Listings"). (AR 18.) The ALJ further found that Plaintiff had no relevant work history, but notwithstanding these impairments, Plaintiff could perform a wide range of simple jobs at the medium exertional level, and accordingly, that he was not disabled. (AR 24-25).

Plaintiff complains that the ALJ failed to adequately develop the record before making his finding that Plaintiff did not satisfy the criteria of any of the impairments in the Listings. Specifically, Plaintiff claims that the ALJ should have obtained a copy of the special education records[1] associated with his fourth through sixth grade speech

---

[1] Counsel for Plaintiff did not provide the SSA nor the Court with a copy of these "crucial" records. It is unclear whether they even exist. Thus, there is absolutely nothing in the record before the Court to support counsel's specious argument.

classes. (AR 18, Jt. Stip. 2.) Had the ALJ had reviewed these records, Plaintiff argues, there "is a real possibility" that Plaintiff would have met the specific criteria for mental retardation under Listing 12.05(C).[2]

The ALJ in a Social Security disability case has an independent duty to "fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). This duty is triggered when there is ambiguous evidence or when an inadequacy in the record prevents a proper evaluation of the disability claim. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

No ambiguity existed in the record that was before the ALJ as to whether Plaintiff met Listing 12.05(C). A claimant meets Listing 12.05(C) when the following are shown: (1) "[a] valid verbal, performance, or full scale I.Q. score of 60 through 70"; and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." Examining psychologist Margaret Donohue, Ph.D., assessed Plaintiff's IQ and reported that his verbal IQ was 100, his performance IQ was 102, and his full scale IQ was 100. (AR 191.) These IQ scores are significantly higher than that necessary to meet the requirements of listing 12.05(C). Plaintiff fails to point to any evidence in the record that contradicts Dr. Donohue's report or otherwise creates an ambiguity. Moreover, Plaintiff fails to

---

[2] Under the Social Security Act, a claimant is presumptively disabled if he proves: 1) that he is not presently engaged in a substantial gainful activity; 2) that he suffers from a "severe impairment"; and 3) "that [his] impairment meets or equals one of the specific impairments described in the regulations." *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002).

show how special education records from a speech class that he took in elementary school, nearly a decade before his alleged disability onset date, contain information that would clarify any supposed ambiguity regarding the issue of whether Plaintiff meets this listing.

The record was adequately developed and provided substantial evidence for the ALJ's finding that Plaintiff is not presumptively disabled under any of the specific impairments described in the regulations, including Listing 12.05(C).

## IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. **IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: November 14, 2006

*MARC L. GOLDMAN*

_____
MARC L. GOLDMAN
United States Magistrate Judge